# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON,<br><br>          Plaintiff,<br><br>   v.<br><br>G. RODRIGUEZ,<br><br>          Defendant<br>_____/ | CASE NO. 1:08-cv-0188-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED IN PART AND DENIED IN PART<br><br>(Doc. 18)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendant's Motion to Dismiss**

## I. Procedural History

Plaintiff Curtis Lee Henderson Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed February 2, 2008 against defendant G. Rodriguez ("Defendant"). On January 26, 2009, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b) and also Federal Rule of Civil Procedure 12(b)(6), Defendant filed a motion seeking dismissal of this action for failure to exhaust and failure to state a claim upon which relief may be granted. Plaintiff filed an opposition on February 6, 2009 and Defendant filed a reply on February 27, 2009.[1] This

---

[1] Plaintiff was provided with notice of the requirements for opposing a 12(b)(6) motion and an unenumerated Rule 12(b) motion on November 14, 2008. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 12.)

1

motion is deemed submitted. Local Rule 78-230(m).

**II. Summary of Plaintiff's Complaint**

Plaintiff arrived at Corcoran State Prison on July 11, 2007. (Doc. 1., Comp., ¶1). Plaintiff states that he immediately informed Defendant that he required his property for a scheduled court call appearance on July 17, 2007. (Id., ¶2). Plaintiff states that he filed several requests for his property and that the court matter was subsequently continued by the presiding judge because Plaintiff had not been issued his property. (Id., ¶3). On July 19, 2007, Defendant brought Plaintiff some of his legal property and his appliance (presumably his television), but threatened to dispose of Plaintiff's remaining legal property and render his television non-functional, because Defendant disliked inmates who had committed assaults on staff and then "crie[d] for their legal property to file lawsuits". (Id., ¶6). Plaintiff alleges that the remainder of his personal property was subsequently disposed of in retaliation for Plaintiff's engagement in protected activities. (Id., ¶¶9, 11,12). Plaintiff later discovered that his television did not work. Plaintiff alleges that Defendant further retaliated against him by refusing to issue to him a new television and quarterly package that were shipped to him by his family members in September 2007. (Id., ¶22). It appears that Plaintiff also alleges that Defendant blocked Plaintiff's ability to participate on court call appearances on August 6, 2007 and October 11, 2007. (Id., ¶¶15, 25).

**III. Plaintiff's Retaliation Claims**

**A. Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

**B.     Defendant's Motion**

Defendant argues that he is entitled to dismissal of the retaliation claims because Plaintiff did not exhaust the available administrative remedies before filing this lawsuit. Defendant submits two grievances filed by Plaintiff in support of his motion. Defendant contends that neither Appeal Log numbers 07-3471 nor 07-3726 exhausts the retaliation claims alleged by Plaintiff in his complaint.

   **i.     Appeal Log Number 07-3471**

Appeal Log number 07-3471, which received a Director's Level decision, grieved Plaintiff's complaint that Defendant destroyed his personal property without sufficient notice given. (Doc. 18-

3

2, Grannis Decl., Exhibit 1, CDC 602 Form, Section A). Plaintiff requested that his property be located and stored, or in the alternative, for the name of the officer who issued Plaintiff his property in the event that his property had already been destroyed. (Id., Section B). Defendant, responding at the informal level, stated that Plaintiff's property was disposed of per operational procedure and denied the grievance. (Id., Section C). Plaintiff then appealed to the first formal level, stating that Defendant had deprived Plaintiff of his property without due process, and adding that Defendant had acted in bad faith, and in retaliation for Plaintiff being transferred from Pelican Bay State Prison. (Id., Section D). The responding officer addressed Plaintiff's property complaint and concluded that the property was appropriately disposed of and that Defendant had acted in good faith. Plaintiff then sought review at the second level, which held that the First Level Review provided Plaintiff with an appropriate response, and denied his appeal. On October 19, 2007 Plaintiff submitted his appeal to the third and final level, which was denied on January 18, 2008. At this stage, Plaintiff also included new allegations that Defendant had refused to issue to Plaintiff his new television and package sent to him by his family members. The Director's Level Decision addressed only Plaintiff's complaints regarding the destruction of his property, and stated "[t]he appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action..." (Doc. 18-2, Grannis Decl., Exhibit 1).

Defendant contends that Appeal Log number 07-3471 only exhausts Plaintiff's request that his property be located and stored, or that Plaintiff be provided with the identity of the individual who disposed of the property. (Doc. 18-1, p.3:11-15). Defendant argues that Plaintiff did not initially grieve any complaint of retaliation by Defendant, and that Plaintiff only raised such a complaint against Defendant when the grievance reached the first level of review. (Id). Defendant contends that Plaintiff's attempt to expand the scope of the grievance later on in the administrative appeals process was improper and does not constitute proper exhaustion.

In opposition, Plaintiff argues that Appeal Log number 07-3471 exhausted all administrative remedies. Plaintiff argues that no further administrative remedies were available once the Director's Level held that Plaintiff had expanded the issues and denied his appeal. Specifically, Plaintiff argues

that he set forth in full detail his issues at the third level, and that the third level appeals coordinator accepted the appeal, considered and rejected it, and informed Plaintiff that his remedies within CDCR were exhausted. (Doc. 19, pp.13, 16). Plaintiff also argues that the appeals coordinator should have informed him to file a new grievance, or should have returned the appeal to the first or second level for further review.

"Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006) The level of detail necessary in a grievance to comply with grievance procedures is defined by the prison's requirements, and not the PLRA. Jones, 127 S.Ct. 910 at 923 (2007). The CDCR administrative grievance system for prisoner complaints merely states that the appellant describe the problem and the action requested on Sections A and B of the CDC Form 602. Cal. Code Regs., tit. 15 § 3084.2(a) (2008). When a prison's grievance system is silent as to factual specificity, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." Griffin v. Arpaio, —F. 3d —, 2009 WL 539982 (9th Cir., Mar. 5, 2009). (internal quotations and citations omitted).

In this instance, Plaintiff's Appeal Log number 07-3471 grieved the disposition of Plaintiff's property by Defendant without adequate notice. The problem complained of by Plaintiff was the disposition of his property. The grievance did not place officials on notice of any complaint that Defendant was allegedly acting to retaliate against Plaintiff because Plaintiff was engaged in litigation or protected activity. Plaintiff's attempt to further expand the scope of his grievance on appeal does not comply with the procedural rules requiring him to describe his problem and action requested in Sections A and B of the form. Cal. Code Regs., tit. 15 § 3084.2(a) (2008). At the Director's Level the additional complaints raised by Plaintiff were disregarded, and the fact that they were not addressed further does not render them exhausted. Only Plaintiff's claim regarding the disposal of his property without adequate notice has been exhausted by Appeal Log number 07-3471.

Plaintiff's argument that the Director should have either advised him to file a separate 602 Form or should have returned the appeal to the first or second level for further review is unpersuasive. Plaintiff has not directed the Court to any requirement that the Director of Inmate

5

Appeals assist Plaintiff in managing his grievances.[2] Therefore, this appeal does not satisfy section 1997e(a) with respect to Plaintiff's pending retaliation claims.

### ii. Appeal Log number 07-3726

Next, we turn to Plaintiff's second grievance, filed August 7, 2007 bearing Appeal Log number 07-3726. (Doc. 18-3, Jones Decl., Exhibit 1). Plaintiff states that the grievance is a staff complaint regarding Defendant, and in it Plaintiff complains that the television issued to him on July 19, 2007 was rendered non-functional. Plaintiff states that he has already filed a separate grievance concerning the disposition of his remaining property by Defendant in violation of his due process rights.

Defendant does not dispute that this grievance addresses a complaint of retaliation by him towards Plaintiff. (Doc. 18-1, p.3:17-19). Instead, Defendant argues that CDCR never received an appeal of the First Level Review, and that Plaintiff therefore did not exhaust available administrative remedies.

A review of the grievance indicates that the informal level of review was bypassed and that the grievance was partially granted at the First Level Review. Defendant's contention that Plaintiff did not file a review to the second level is not supported by any evidence. The declaration accompanying the grievance states that Plaintiff filed a grievance bearing Appeal Log number 07-3726 but says nothing regarding its disposition.[3] (Doc. 18-3, Jones Decl., ¶5). Defendant's contention is further contradicted by his argument in reply, where he asserts that Plaintiff had filed an appeal to the second level but that it was not pursued to the Director's level. (Doc. 21, p.2:21-24).

Because the grievance clearly complains of retaliatory conduct by Defendant, and because

---

[2] As discussed below, it appears that Plaintiff did in fact file a second grievance bearing Appeal Log number 07-3726 complaining of misconduct by Defendant.

[3] While Defendant has also submitted a declaration stating that no grievance alleging retaliation by CDCR officials while housed at Corcoran were filed by Plaintiff and accepted for review at the Third Level, the Court rejects any argument that a Director's Level response is necessary to satisfy the exhaustion requirement and the mere absence of a Director's Level response entitles him to dismissal, particularly in a situation such as this where it is unclear if and how the appeal was addressed at the intermediate levels. Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available.").

its disposition is unclear, Defendant has not met his burden in showing that Plaintiff did not exhaust the administrative remedies regarding the retaliation claims.[4]

The Court is not finding that Plaintiff exhausted. Rather, at this juncture and on the record before it, the Court simply cannot find that Plaintiff failed to exhaust, and Defendant's motion to dismiss must be denied.

## IV. Plaintiff's Due Process Claim

Plaintiff alleges that his property was disposed of by Defendant maliciously and in retaliation for Plaintiff's engagement in protected activities, and without adequate notice provided.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Plaintiff's allegations concerning Defendant's failure to follow the proper policies and procedures concerning his personal property do not support a claim for relief under section 1983. As

---

[4] Moreover, the declaration states that a search was conducted only for an appeal bearing Log number 07-03471 filed by Plaintiff regarding the deprivation of his property as alleged in his complaint. As it appears that Plaintiff also alleges misconduct by Defendant relating to Plaintiff's telephone court call appearances, it is not clear to the Court that the scope of the search conducted is sufficient to support Defendant's unenumerated 12(b) motion to dismiss the retaliation claims in their entirety. (Doc. 18-3, Jones Decl., ¶4).

Defendant correctly asserts, Plaintiff has state law remedies available to him with respect to the property deprivation resulting from retaliatory and/or malicious conduct, and as a result, his claim does not constitute a violation of the procedural requirement of the Due Process Clause of the Fourteenth Amendment. Hudson v. Palmer, 468 U.S. 517, 530-34 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

Defendant is entitled to dismissal of the Due Process claim for failure to state a claim upon which relief may be granted.

## V. Conclusion and Recommendations

Accordingly, the Court HEREBY RECOMMENDS that:

1. Defendant's motion to dismiss the retaliation claims for failure to exhaust administrative remedies prior to filing suit be DENIED without prejudice;

2. Defendant's motion to dismiss the due process claim for failure state a claim upon which relief may be granted be GRANTED; and

3. Defendant be directed to file a response to plaintiff's complaint within twenty (20) days from the date of Judge O'Neill's order addressing these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 26, 2009**      /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE