# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, | CASE NO. 1:08-cv-00188-LJO-DLB PC |
| Plaintiff, | ORDER DENYING OBJECTIONS AND DENYING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| G. RODRIGUEZ, | (Doc. 44) |
| Defendant. | |

_____/

Plaintiff Curtis Lee Henderson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 2, 2009, Plaintiff filed objections to the Court's November 17, 2009 order which directed the Clerk of Court to return Plaintiff's proposed amended complaint to Plaintiff without filing.  Plaintiff contends that the Court mistakenly overlooked its discovery and scheduling order which granted leave to amend the complaint by December 25, 2009.  Plaintiff requests that the Court's November 17, 2009 be vacated and Plaintiff be granted leave to file the amended complaint pursuant to Federal Rule of Civil Procedure 15(a).

Pursuant to the Court's scheduling order, the deadline to amend the pleadings is November 19, 2009.  Plaintiff's motion is timely under the scheduling order and is therefore governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that Plaintiff may amend with leave of the court, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).

1    "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so

2    requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006)

3    (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the

4    amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

5    delay in the litigation; or (4) is futile." Id.  The factor of "'[u]ndue delay by itself . . . is

6    insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan,

7    Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th

8    Cir. 1999)).  However, "'[w]here the party seeking amendment knows or should know of the

9    facts upon which the proposed amendment is based but fails to include them in the original

10   complaint, the motion to amend may be denied,'" E.E.O.C. v. Boeing, Co., 843 F.2d 1213, 1222

11   (9th Cir. 1988) (quoting Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982),

12   vacated on other grounds, 459 U.S. 810, 103 S. Ct. 35 (1982)), and the "court's discretion to

13   deny leave to amend is particularly broad where the court has already given the plaintiff an

14   opportunity to amend his complaint," Fidelity Financial Corp. v. Federal Home Loan Bank of San

15   Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

16       The Court has reviewed Plaintiff's proposed amended complaint and finds the

17   amendments to be futile.[1]  Plaintiff adds the following additional allegations against Correctional

18   officers Plighting and Salcedo, and Litigations Officer Theresa.  Plaintiff alleges that on October

19   11, 2007, Plaintiff told officer Plighting that he had a court call to make.  (Doc. 44, Proposed

---

[1] The Court used the following standard in analyzing Plaintiff's claims in the proposed amended complaint.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

      A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id.

2

1  Amended Complaint 13, ¶ 24.)  Officer Plighting told Plaintiff that he had seen Plaintiff's name on

2  the department movement sheet, but had heard that Plaintiff had nothing coming.  (Id.)  Plaintiff

3  then talked to Correctional Officer Salcedo, who went to talk to Litigations Officer Theresa.

4  Officer Salcedo told Plaintiff that Officer Theresa told him that Plaintiff did not have anything.

5  (Id. ¶ 25.)  Plaintiff contends that these actions are retaliation.

6       Plaintiff's allegations do not state a cognizable claim against Plighting, Salcedo, or

7  Theresa.  Plaintiff fails to allege that any of these officers took an adverse action against Plaintiff

8  in violation of Plaintiff's First Amendment rights.[2]  Based on the allegations, Plighting informed

9  Plaintiff that he had heard Plaintiff did not have anything coming regarding a court call.  This is

10  not sufficient to state an adverse action against Plaintiff, as Plighting only informed Plaintiff of

11  what he knew regarding Plaintiff's court call.  Officer Salcedo allegedly called Litigation Officer

12  Theresa to verify whether Plaintiff had any court call to make.  This is also not sufficient to state a

13  retaliation claim, as it appears both Salcedo and Officer Theresa undertook efforts to determine if

14  Plaintiff had a court call.  Plaintiff fails to allege any adverse action taken by these officers.  The

15  Court finds that granting Plaintiff's request to amend his pleadings would be futile because the

16  proposed amended complaint fails to state any other cognizable claims against any other

17  defendants.

18       Based on the foregoing, it is HEREBY ORDERED that Plaintiff's objections, filed on

19  December 2, 2009, are DENIED, and Plaintiff's request for leave to file an amended complaint is

20  denied.

21     IT IS SO ORDERED.

22  Dated:   **December 23, 2009**          **/s/ Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE
23

24  _____

25  [2]  Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the
    government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also
26  Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).
    "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An
27  assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected
    conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action
28  did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.
    2005).