# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., | CASE NO. 1:08-CV-00188-LJO-DLB PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL |
| v. | (DOC. 43) |
| G. RODRIGUEZ, | DEFENDANT'S RESPONSE DUE WITHIN THIRTY DAYS |
| Defendant. | |

**I.   Background**

Plaintiff Curtis Lee Henderson ("Plaintiff") is a California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint, filed February 6, 2008, against Defendant G. Rodriguez for retaliation in violation of the First Amendment.  Pending before the Court is Plaintiff's motion to compel, filed November 23, 2009.  (Pl.'s Mot. Compel, Doc. 43.)  On January 8, 2010, after receiving an extension of time, Defendant filed his opposition.  (Def.'s Opp'n, Doc. 51.)  On February 16, 2010, Plaintiff filed an objection, which the court construes as a reply to the opposition.  (Pl.'s Reply, Doc. 53.)[1]  The matter is deemed submitted pursuant to Local Rule 230(l).

**II.   Motion to Compel**

   **A.   Timeliness of Response**

Plaintiff contends that he served Defendant with a discovery request on July 16, 2009, but

---

[1] The deadline for replies to oppositions is 7 days after the filing and service of an opposition.  Local Rule 230(l).  Plaintiff did not file any motion for extension of time.  The Court will consider Plaintiff's reply nonetheless.

1

1  did not receive any response after three months. (Pl.'s Mot. Compel 2:5-9, Doc. 43.) Plaintiff's
2  proof of service indicates a service date of July 16, 2009 for his discovery requests. (Ex. A, p. 6,
3  Doc. 43.)

4      In opposition, Defendant contends that he did not respond to the discovery request within
5  forty-five days as required by the Court's discovery order because settlement discussions were
6  ongoing. (Def.'s Opp'n 1:26-2:1, Doc. 51.) Defendant's counsel at the time of these discussions
7  contends that she had an oral agreement with Plaintiff to hold discovery in abeyance until the
8  conclusion of these settlement discussions. (*Id.*) Defendant concedes that this understanding
9  was never explicitly memorialized in a writing, or filed with the Court as a stipulation. (Opp'n
10 2:1-2.) Defendant further contends that Plaintiff's motion is moot, because Defendant has
11 responded to Plaintiff's requests, except for a few irrelevant materials. (Opp'n 2:6-9.)
12 Defendant submits a declaration from defense counsel[2], as well as Defendant's responses to
13 Plaintiff's discovery requests. (Def.'s Opp'n, Decl. Of Jeffrey Steele; Ex. A, Def.'s Responses to
14 Discovery Requests.)

15     In reply, Plaintiff contends that there was no agreement to hold discovery in abeyance.
16 (Pl.'s Reply 2:4-24, Doc. 53.) Plaintiff submits a letter signed by former counsel Samantha
17 Ramsey, dated November 4, 2009. (Pl.'s Reply, Ex. A2, Letter from Deputy Attorney General
18 Samantha Ramsey to Plaintiff.)[3] In this letter, there is no mention of any sort of agreement
19 regarding discovery. Rather, the letter states in pertinent part, "As to the status of discovery, my
20 file reflects that you served a document on July 16, 2009, entitled 'Motion for Discovery.' This
21 document was not processed as discovery requests, but rather as a miscellaneous motion for
22 relief, I suspect because of the title. Regardless of the reason, these requests were overlooked,
23 and I apologize. I [former counsel] will prepare responses and serve within thirty days." (Ex.
24

---

25    [2] There is an error in Defendant's declaration. (Doc. 51-2, Jeffrey Steele Decl.) The declaration begins
26 with the line, "I, SAMANTHA H. RAMSEY, declare as follows." The declaration is however signed by Jeffrey Steele, current defense counsel. The Court presumes this error is unintentional and considers counsel to have substantially complied with 28 U.S.C. § 1746.
27

28    [3] Plaintiff lists two exhibits as Exhibit A. The Court will treat the first exhibit as "A1" and the second exhibit as "A2".

A.)

Defendant's argument that there was an agreement between the parties to hold discovery in abeyance is unsupported by anything other than current counsel's own declaration, and contradicted by former counsel's letter. It appears that through unintentional neglect on the part of Defendant's former counsel, Defendant failed to respond to Plaintiff's discovery requests within forty-five days from the date of service of the requests.

Defendant served responses to Plaintiff's discovery requests by January 8, 2010, the same date as the filing of Defendant's opposition. As there is no evidence of any stipulation, Defendant's responses to Plaintiff's discovery requests are untimely. The Court finds that Defendant waives objection to Plaintiff's discovery requests. *See*, *e.g.*, Fed. R. Civ. P. 37(b) (describing court's power to "issue further just orders"); *id.* 37(d) (failure to serve response to request for production and sanctions). Because there is a dispute regarding Defendant's responses, Plaintiff's motion to compel is not moot.

**B.     Plaintiff's Motion To Compel**

Plaintiff moves to compel the following:

(1) the full name and badge number of defendants, years employed by CDCR, and years employed as a property officer at Corcoran State Prison ("CSP");

(2) full name, address, and telephone number of each individual likely to have discoverable information that Defendant may use to support his claims and defenses, or call as witness;

(3) copy of all documents, data compilations, and tangible things that are in the possession, custody, or control of the Defendant, Defendant's attorney, CSP records officer, and CDCR employee misconduct inquiries, regardless of disposition. Category I (performance-related), and Category II (serious employee misconduct) are requested;

(4) CDCR 602 inmate appeals against the Defendant, concerning property issues and retaliation against inmates;

(5) Internal Affairs complaints in Defendant's personnel file, regardless of

disposition;[4]

(6) personnel files of Defendant's evaluations, including academy evaluations, performance evaluations. Any recommendations for of adverse action, including salary reduction, demotion, separation. Reports on general training regarding the policies and procedures followed. Classification and training reports including but not limited to inmate/staff relation training;

(7) psychiatric/psychological records within Defendant's personnel record indicating propensity for animosity towards inmates, false writing, and/or dishonesty;

(8) informal files kept by supervising officers, including comments by inmate officers and supervisors. Files include risk management file, division file, and human resource file;

(9) names, addresses, and telephone numbers of all person interviewed by CDCR during investigations into complaints made against the Defendant;

(10) all records of discipline imposed by CDCR upon Defendant Rodriguez for conduct specified in the complaint or related to the complaint;

(11) reports of suspensions without pay, fraud in securing appointment, incompetency reports, inefficiency reports, inexcusable neglect of duty, insubordination reports, dishonesty, drunkenness on duty, intemperance reports, addiction to controlled substance;

(12) conviction of a felony or misdemeanor involving moral turpitude, immorality, discourteous treatment of public or other civil employees, wilful disobedience, misuse of state or inmate property, refusal to take an oath, or other failure of good behavior.

(Pl.'s Mot. Compel 3-6.)

---

[4] Plaintiff omitted Requests Nos. 4 and 5 from his motion to compel, though Defendant responded to the requests. (Def.'s Opp'n, Ex. A, Def.'s Resp.) Because Defendant responded to the requests, the Court will construe the requests as part of Plaintiff's motion to compel.

4

1    Defendant responded to Plaintiff's discovery requests by producing all documents that he
2 had in his possession, custody, or control.  (Def.'s Opp'n, Ex. A, Def. Rodriguez's Resp.)
3 Defendant thus had no documents responsive to Requests Nos. 5, 7, 8, 9, 10, 11, or 12.
4 Defendant produced a response to all documents in his possession, custody, or control as to
5 Requests No. 1, 2, and 3, with exceptions for Requests Nos. 4 and 6.  Plaintiff contests
6 Defendant's responses to Requests Nos. 4 and 6.

7    **C.    Request For Production No. 4**

8    Defendant produced a response to Request for Production No. 4 (CDCR 602 inmate
9 appeals against the Defendant concerning property issues and retaliation against inmates), but
10 redacted the names of the correctional officers and inmates involved.  Defendant contends that
11 the officers have a right to privacy and are irrelevant to this action.  (Def.'s Opp'n 2:19-21.)
12 Defendant contends that revealing the names of inmates who cooperated with correctional
13 officers may lead to retaliation against them by other inmates.   (Def.'s Opp'n 2:220-3:5.)
14 Defendant also has handwritten original inmate appeals, but will not produce the appeals, as the
15 handwriting may tend to identify the inmate.  (Def.'s Opp'n 3:6-12.)  Defendant contends that the
16 substance of the appeal is summarized at each level of review, so the withholding of the original
17 handwritten appeal will not detract from Plaintiff's ability to understand the appeal and cross-
18 examine Defendant.  (Def.'s Opp'n 3:10-12.)  The original handwritten appeals are listed on a
19 privilege log.  (Def.'s Opp'n, Ex. A.)  In reply, Plaintiff contends that Defendant's redactions in
20 Requests for Production No. 4 rendered the documents useless.  (Pl.'s Reply 3-4.)  Plaintiff also
21 seeks the production of the original handwritten appeals because they would lead to admissible,
22 material evidence.  (Pl.'s Reply 4.)

23    Defendants' responses to Plaintiff's motion to compel include several documents which
24 have redacted out the name of every correctional officer, prison staff, and inmate involved.
25 Defendant's redaction of every name in the discovery responses amounts to a failure to respond.
26 The level of redaction renders the documents of no use in litigation, as there is no way to discern
27 what actions pertained to which individual.  Defendant has even redacted Defendant's own name
28 from the documents.  Defendant's objections that the correctional officers are irrelevant and have

5

1  a right to privacy is denied due to Defendant's late response.

2      Regarding the original handwritten appeals, the Court is mindful of safety concerns.
3  However, absent a specific showing of institutional security concerns, Defendant will also be
4  required to produce copies of the original inmate appeals requested by Plaintiff.

5      Accordingly, Defendant is ordered to provide further response to Plaintiff's Request For
6  Production No. 4 regarding Exhibit A, Bates-stamped 1 through 92. Any security concerns can
7  be resolved by moving for a protective order.

8      **D.    Request For Production No. 6**

9      Defendant objects to Request For Production No. 6, Plaintiff's request for Defendant's
10 personnel file. Defendants contend that personnel records are subject to qualified privilege of
11 official information and federal common law privilege. (Def.'s Opp'n 3:13-22.) Defendant
12 contends he nevertheless responded. (Def.'s Opp'n 3:23-24.) Defendant had no documents
13 responsive to Plaintiff's requests regarding any adverse action taken against Defendant, such as
14 salary reduction, demotion, or separation. (Def.'s Opp'n 3:24-26.) Defendant also provided a
15 twelve-page document listing all the training he had received at CDCR. (Def.'s Opp'n 3:27-28.)
16 Defendant has not revealed the specifics of the training he received contending that it would
17 implicate safety and security concerns.[5]  (Def.'s Opp'n 3:28-4:14.)

18     Plaintiff contends that Defendant's twelve-page document is "meaningless." (Pl.'s Reply
19 5.) Plaintiff contends that the document is not signed by any supervising or reviewing officer.
20 (Pl.'s Reply 5.) Plaintiff contends that while it shows Defendant attended classes, it fails to show
21 if he passed. (Pl.'s Reply 5.) Plaintiff requests production of the training procedures, as he
22 contends that Defendant did not follow the rules and regulations of his specific training. (Pl.'s
23 Reply 5.)

24     Because Defendant's responses to discovery were untimely, Defendant has waived his
25 objections to the production of these documents. The Court will order Defendant to produce

---

[5] Defendant contends, for example, that he has received training regarding "Escape Procedures," "Alarm Response," and use of "Chemical Agents" and "O.C. Pepper Spray." Defendant contends that telling inmates how officers respond will inform inmates how others responded, encouraging inmates to devise new methods. (Def.'s Opp'n 4:1-11.)

further response to Plaintiff's requests.  Any security concerns can be resolved by moving for a protective order.

**III.    Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel, filed November 23, 2009, is GRANTED regarding Requests For Production Nos. 4 and 6, as stated herein.  Defendant is to provide further response to Plaintiff's requests within **thirty (30) days** from the date of service of this order.  Any security concerns may be resolved by moving for a protective order within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   **October 15, 2010**               /s/ **Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE