# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., | CASE NO. 1:08-CV-00188-LJO-DLB PC |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (DOC. 61) |
| v. | |
| G. RODRIGUEZ, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOC. 64) |
| Defendant. | |

Plaintiff Curtis Lee Henderson, Sr., ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). This action is proceeding against Defendant G. Rodriguez for retaliation in violation of the First Amendment. Pending before the Court is Defendant's motion for a protective order, filed December 17, 2010. Doc. 61. Plaintiff filed a motion for appointment of counsel on January 13, 2011, which included Plaintiff's opposition to Defendant's motion. Doc. 64. The matter is submitted pursuant to Local Rule 230(l).

**I.     Motion For Protective Order**

Defendant seeks an order preventing the disclosure of the following documents from the Central California Women's Facility ("CCWF") and California State Prison, Corcoran ("CSP-Cor"): (1) Range, impact munitions, and chemical agents; (2) Alarm response; (3) Use of the officer's expandable baton; (4) Hospital security and transportation of inmates; (5) Electrified fence; and (6) Escape procedures and emergency operation procedures.

Additionally, Defendant seeks an order preventing disclosure of the following documents

1

from CSP-Cor: (1) Integrated housing; (2) Suicide Prevention; (3) Gang Management; (4) Application of Restraint Gear; (5) Key and Tool Control; (6) Use of Force; and (7) Crime Scene and Evidence Preservation.

This cases concerns allegations that Defendant Rodriguez retaliated against Plaintiff for filing inmate appeals by destroying Plaintiff's personal property.  Defendant contends that information regarding the proper use of force is irrelevant in this case.  Def.'s P. & A. Support Mot. 2:20-24.  Defendants further contend that the training materials contain sensitive information that could jeopardize institutional security.  *Id.* 2:20-14:27; *see* B. Fortner Decl., Lt. Diaz Decl.

Defendant also seeks a protective order preventing disclosure of personal information in Defendant Rodriguez's file, including 1) Defendant Rodriguez's social security number, home address, telephone numbers, and date of birth; 2) Names, addresses, telephone numbers, and dates of birth of Officer Rodriguez's family members; 3) Defendant Rodriguez's medical plan name and card number; 4) The name, address, and telephone number of Defendant Rodriguez's personal physician, and the personal physicians of his family members; 5) All forms pertaining to Officer Rodriguez's and his family's enrollment in medical and dental health care coverage; 6) Defendant Rodriguez's marriage license; 7) The name, address, and telephone number of the physician who examined Defendant Rodriguez for purposes of his physician fitness incentive pay; 8) Bank account information submitted to CDCR for the purposes of establishing direct deposit of Defendant Rodriguez's paycheck; 9) Defendant Rodriguez's Department of Motor Vehicles Driver Record Information; 10) Defendant Rodriguez's California Driver's License number; 11) Defendant Rodriguez's DMV driving record dated September 20, 1993 and January 29, 1991; 12) Identities of inmates with whom Defendant Rodriguez was personally acquainted before the inmate was incarcerated; and13) Defendant Rodriguez's fingerprint cards, on file with CDCR.

Defendant contends that none of the above information is relevant to this action. Defendant further contends that disclosure of the above information would expose officers, their families, and others to a threat of increased harm in the future.  *Id.* at 16:4-17:26.

1    Plaintiff contends that he should be allowed to view this information because he would
2 use this information only for purposes of this litigation.  Pl.'s Mot. 3, Doc. 64.  That is not
3 persuasive.  The information for which Defendant seeks a protective order contains information
4 that does affect the institutional security of CCWF and CSP-Cor.  Disclosure of such information
5 is not relevant to this action.  Disclosure of Defendant's personal information, including his birth
6 date, addresses for family members, and other similar information would be unduly harassing
7 and oppressive.  *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to
8 protect a party or person from annoyance, embarrassment, oppression, or undue burden or
9 expense").  It appears that Defendant complied with the Court's order to disclose over 2,000
10 pages of documents regarding Defendant Rodriguez's training and his personnel file.  The Court
11 finds Defendant's motion for protective order reasonable.

12    Accordingly, it is HEREBY ORDERED that Defendant's motion for protective order,
13 filed December 17, 2010, is GRANTED.  The Court will forbid the disclosure of the documents
14 and information listed by Defendant in his motion.

15 **II.    Plaintiff's Motion For Appointment Of Counsel**

16    On January 13, 2011, plaintiff filed a motion seeking the appointment of counsel.
17 Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*
18 *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to
19 represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court*
20 *for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional
21 circumstances the Court may request the voluntary assistance of counsel pursuant to §
22 1915(e)(1).  *Rand*, 113 F.3d at 1525.

23    Without a reasonable method of securing and compensating counsel, the court will seek
24 volunteer counsel only in the most serious and exceptional cases.  In determining whether
25 "exceptional circumstances exist, the district court  must evaluate both the likelihood of success
26 of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
27 complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).
28    In the present case, the court does not find the required exceptional circumstances.  Even

3

1 if it is assumed that Plaintiff is not well versed in the law and that he has made serious
2 allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is
3 faced with similar cases almost daily.  Plaintiff's allegation is not particularly complex, as it
4 involves a retaliation claim in which Defendant allegedly deprived Plaintiff of his property
5 because Plaintiff filed inmate grievances.  Plaintiff's participation in the correctional clinic case
6 management system is not sufficient cause to demonstrate exceptional circumstances for
7 appointment of counsel.  Based on a review of the record in this case, the Court does not find that
8 Plaintiff cannot adequately articulate his claims.  *Id.*

9      For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY
10 DENIED, without prejudice.

11     IT IS SO ORDERED.

12     **Dated:**    **March 9, 2011**                                 **/s/ Dennis L. Beck**
                                                                              UNITED STATES MAGISTRATE JUDGE