# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., | CASE NO. 1:08-CV-00188-LJO-DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF |
| v. | MAGISTRATE JUDGE'S ORDER |
| G. RODRIGUEZ, | (DOC. 71) |
| Defendant. | |

Plaintiff Curtis Lee Henderson, Sr., ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendant G. Miller for retaliation in violation of the First Amendment. Pending before the Court is Plaintiff's motion for reconsideration, filed April 5, 2011.  Doc. 71. Plaintiff's seeks reconsideration of the Magistrate Judge's order which denied Plaintiff's motion for appointment of counsel. The Court construes the motion as an objection to the Magistrate Judge's order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

Rule 72(a) states in pertinent part: "The district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*." Fed. R. Civ. P. 72(a) (emphasis added); *see* 28 U.S.C. § 636(b)(1)(A).  Under the clearly erroneous standard of review, a district court may overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926,

1    943 (7th Cir. 1997)).  Under the contrary to law standard, a district court may conduct

2    independent review of purely legal determinations by a magistrate judge.  *Id.*

3        Plaintiff moves for reconsideration of the Magistrate Judge's order which denied Plaintiff

4    appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Plaintiff contends that he needs

5    appointment of counsel because California State Prison, Corcoran, where Plaintiff is currently

6    house, placed all black prisoners on lockdown, and he is thus having difficulty obtaining

7    supplies.  Plaintiff seeks appointment of counsel to depose Defendant and to locate and interview

8    potential incarcerated witnesses.

9        Pursuant to the Court's Local Rules, Plaintiff's motion is untimely.  L.R. 303(b).

10   Plaintiff's arguments are also unpersuasive.  Prison regulations exist which govern

11   correspondence between inmates.  *See* Cal. Code Regs. tit. 15, § 3139 (2011).  Thus, Plaintiff is

12   capable of seeking correspondence with his potential inmate witnesses.  Plaintiff also seeks to

13   depose Defendant.  However, discovery in this matter is closed.  Any deposition at this time is

14   untimely.  Plaintiff's issues with meeting court deadlines is speculative at this time.  Plaintiff is

15   not required to submit his pretrial statement until July 6, 2011.

16       Appointment of counsel is clearly beneficial to Plaintiff, but that is not the determination.

17   *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).  The Magistrate Judge found that

18   Plaintiff is able to articulate adequately his claims in this action.  This matter is not  complex.

19   This action concerns a retaliation claim in which Defendant allegedly deprived Plaintiff of his

20   property because he filed inmate grievances.  The Court does not find this case to have

21   exceptional circumstances which merit appointment of counsel.  The Magistrate Judge's order is

22   not clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a).

23       Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for

24   reconsideration, filed April 5, 2011, is denied.

25

26   IT IS SO ORDERED.

27   **Dated:    April 18, 2011**                    /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE
28