# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., | CASE NO. 1:08-CV-00188-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS BE DENIED |
| v. | |
| G. RODRIGUEZ, | |
| Defendant. | (DOC. 74) |
| / | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.   Background**

Plaintiff Curtis Lee Henderson, Sr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint, filed February 6, 2008, against Defendant G. Rodriguez for retaliation in violation of the First Amendment.  Pending before the Court is Defendant's motion to revoke Plaintiff's in forma pauperis status, filed April 25, 2011.  Def.'s Mot., Doc. 74.  Plaintiff filed his opposition on May 31, 2011.  Pl.'s Opp'n, Doc. 79.  Defendants filed their reply on June 8, 2011.  Defs.' Reply, Doc. 81.  The matter is submitted pursuant to Local Rule 230(l).

**II.   Legal Standard**

Title 28 of the United States Code, § 1915(g), which governs in forma pauperis proceedings in federal court, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

1

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In making a determination as to whether a prisoner plaintiff may proceed in forma pauperis, the Court must consider all civil actions and appeals brought by the prisoner in any federal court. Section 1915(g) is commonly known as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2003). "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were ] frivolous, malicious, or fail [] to state a claim.'" *Id.* (citing 28 U.S.C. § 1915(g)). When a defendant challenges a prisoner's right to proceed in forma pauperis, the defendant bears the burden of producing sufficient evidence to establish that § 1915(g) bars the plaintiff's in forma pauperis status. *Id.* Once the defendant has made a prima facie case, the burden shifts to the plaintiff to persuade the court that § 1915(g) does not apply. *Id.*

### III. Analysis

The Court granted Plaintiff in forma pauperis pursuant to court order on February 12, 2008. Doc. 4. Defendant contends that Plaintiff has accrued three strikes pursuant to § 1915(g) and is thus ineligible to proceed in forma pauperis. Defs.' Mem. P. & A. Mot. Dismiss 2:23-5:5. Defendants also contend that Plaintiff does not qualify for in forma pauperis status under the imminent danger exception. *Id.* at 6:2-14. Defendants move for revocation of Plaintiff's in forma pauperis status.

    **A.**    **Strikes Pursuant To § 1915(g)**

Defendants contend the following are strikes pursuant to § 1915(g):

1. *Henderson v. Davis*, Case No. 1:99-cv-05237-AWI-DLB PC (E.D. Cal.). The complaint was dismissed on December 6, 1999, with leave to amend. When Plaintiff did not file an amended complaint, the action was dismissed in its entirety on March 29, 2000.

2. *Henderson v. Hamren*, Case No. 1:99-cv-05957-AWI-DLB PC (E.D. Cal.). After Defendants moved to dismiss, the Magistrate Judge issued a Findings and

|   |   |   |
|---|---|---|
| 1 | | Recommendation that the complaint failed to state a claim as to any named |
| 2 | | defendant. The court adopted the findings and recommendations, and dismissed |
| 3 | | the action on December 22, 2000. |
| 4 | 3 | *Henderson v. Small*, Case No. 1:98-cv-05138-DLB PC (E.D. Cal.). The court |
| 5 | | dismissed the action on March 6, 1998 as frivolous. |

The Court takes judicial notice of the above actions.

Plaintiff does not dispute, and the Court finds, that *Henderson v. Hamren* and *Henderson v. Small* count as strikes pursuant to § 1915(g).[1] Plaintiff contends that the dismissal in *Henderson v. Davis* does not qualify as a § 1915(g) strike.[2]

Defendant contends that *Henderson v. Davis* "was dismissed expressly for failure to state a claim." Def.'s Mem. P. & A. Support Mot. 4:23-24. Defendants contend that Plaintiff's complaint was dismissed for failure to state a cause of action, and with leave to amend, and that his failure to amend should be construed as a dismissal for failure to state a claim. Defs.' Reply 3:3-21. Doc. 81. Plaintiff contends that *Henderson v. Davis* was dismissed for failure to obey a court order, not for failure to state a claim. Pl.'s Opp'n 2-3.

The Court agrees with Plaintiff. A review of the order dismissing Plaintiff's action in *Henderson v. Davis* indicates that it was dismissed for failure to obey a court order. In an order filed October 15, 1999, the magistrate judge in that action, the undersigned here, screened Plaintiff's first amended complaint and found that Plaintiff failed to state a claim as to all but one of his claims. Plaintiff plead that he did not exhaust administrative remedies as to one claim, religious freedom regarding the grooming policy. Leave to amend was granted for this claim if Plaintiff alleged exhaustion of available administrative remedies. Plaintiff did not timely file an amended complaint. The undersigned subsequently filed a findings and recommendations on

---

[1] Plaintiff contends that he has eventually paid the filing fee in full for *Henderson v. Hamren* and *Henderson v. Davis*. Pl.'s Opp'n 3 4. That argument is immaterial to the determination of whether Plaintiff has accrued a § 1915(g) strike.

[2] Plaintiff also contends that Defendant's motion is the equivalent of a dispositive motion, and is thus untimely. Pl.'s Opp'n 2. Pursuant to the Court's Discovery and Scheduling Order, the deadline for filing dispositive motions was May 4, 2010. Order, filed June 25, 2009, Doc. 41. The Court does not need to reach this argument, however, as the Court will deny Defendant's motion on other grounds.

January 27, 2000, recommending dismissal of the action for failure to obey a court order.  The district judge assigned to the action adopted the findings and recommendations on March 29, 2000.

Dismissals for failure to obey a court order are not the same as dismissals on the ground that the action was frivolous, malicious, or failed to state a claim.  28 U.S.C. § 1915(g); *Andrews*, 398 F.3d at 1121 (holding "under the plain language of § 1915(g), the prior dismissals would qualify as strikes only if, after reviewing the orders dismissing those actions and other relevant information, the district court determined that they had been dismissed because they were frivolous, malicious or failed to state a claim.").  The district court's order in *Henderson v. Davis* specifically did not dismissed the religious freedom claim for failure to state a claim.  Thus, Henderson v. Davis is not a § 1915(g) strike.  Plaintiff accrued only two strikes within the meaning of § 1915(g) prior to bringing this action.[3]  Thus, Plaintiff was eligible to proceed in forma pauperis in this action.

**IV.  Conclusion And Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion to revoke Plaintiff's in forma pauperis status, filed April 25, 2011, be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 17, 2011**              /s/ Dennis L. Beck
                                   UNITED STATES MAGISTRATE JUDGE

---

[3]  The Court notes that Plaintiff has subsequently accrued a third strike.  *See Henderson v. United States, et al.*, Case No. 2:08 cv 02383 WBS CMK (E.D. Cal.) (dismissed on December 29, 2008 for failure to state a claim).  That case does not affect Plaintiff's in forma pauperis status in this action.

4