# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., | CASE NO. 1:08-CV-00188-LJO-DLB PC |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL (DOC. 82) |
| v. | ORDER SETTING STATUS CONFERENCE |
| G. RODRIGUEZ, | **July 6, 2011 at 11:00 a.m. in Courtroom 9 (DLB)** |
| Defendant. | |

Plaintiff Curtis Lee Henderson, Sr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant G. Rodriguez for retaliation in violation of the First Amendment. On June 15, 2011, Plaintiff filed a motion seeking the appointment of counsel.

## I.  Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff contends that on May 31, 2011, while he was incarcerated at Corcoran State Prison[1], he was the victim of an inmate assault during an inmate riot. Plaintiff was attacked by three other inmates, and suffered several fractures to his face and his collar bone. Plaintiff has already received surgery, and anticipates needing further surgery. Plaintiff's property was confiscated by prison staff. However, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.* The claims in this action are not exceptional or complex. The claim is that Defendant Rodriguez deprived Plaintiff of his property in retaliation for Plaintiff filing inmate grievances. Accordingly, Plaintiff's motion for appointment of counsel is denied.

## II. Status Conference

The Court will require a status conference in this action in light of Plaintiff's circumstances, and to discuss whether trial in this action should be continued to a later date. Accordingly, it is HEREBY ORDERED that:

1. This matter is set for telephonic status conference on **July 6, 2011, at 11:00 a.m.**, in Courtroom 9, before Magistrate Judge Dennis L. Beck;
2. Defendant's counsel is required to arrange for Plaintiff's participation in this telephonic conference and to initiate the telephonic conference at **(559) 499-5670.**

IT IS SO ORDERED.

Dated:   June 20, 2011          /s/ Dennis L. Beck
                                UNITED STATES MAGISTRATE JUDGE

---

[1] Though Plaintiff's current address is listed at San Quentin State Prison, Plaintiff's proof of service submitted with his motion indicates that he is currently incarcerated at Corcoran State Prison.

2