# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., | CASE NO. 1:08-CV-00188-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER BE DENIED (DOC. 85) |
| v. | |
| G. RODRIGUEZ, | |
| Defendant. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Curtis Lee Henderson, Sr. ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant G. Rodriguez for retaliation in violation of the First Amendment. On June 22, 2011, Plaintiff filed a motion for temporary restraining order against prison officials at Corcoran State Prison. The Court construes this as a motion for preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

    Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

    Plaintiff complains of an alleged deprivation of his legal property in June of 2011, which is not a cause of action here. This action concerns retaliatory deprivation of property in 2007. The Court lacks jurisdiction over prison officials at Corcoran State Prison for the alleged 2011 incidents.

    Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion, filed June 22, 2011, should be DENIED.

    These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:   **August 23, 2011**           **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE